## PROSECUTION FOR KEEPING A PLACE WHERE INTOXICATING LIQUORS WERE SOLD IN DRY TERRITORY.

Circuit Court of Greene County.

STATE OF OHIO V. JOHN H. BERRY AND STATE OF OHIO V. MICHAEL R. KILLEEN.

Decided, June 23, 1910.

*Violation of County Local Option Law—Prosecution for—Proof that an Election had been Held—Documentary Evidence in a Criminal Trial—Barkeeper not Liable to Prosecution, When—Section 13195, General Code (6942, R. S.).*

1. The admission of documentary evidence showing the result of a county local option election does not violate the provisions of the Bill of Rights giving to an accused person the right to confront the witnesses.
2. It is not error to admit in evidence in a prosecution for keeping a place where intoxicating liquors are sold in "dry" territory the certificate as to the result of the local option election previously held.
3. An information under Section 6942, will not lie against a barkeeper for keeping a place where intoxicating liquors are sold in violation of law, if it appears that the owner of the place was in control and present and the barkeeper was without authority and subject to the direction of the owner.

*W. F. Orr*, Prosecuting Attorney, for plaintiff in error.
*H. C. Armstrong*, contra.

ALLREAD, J.; DUSTIN, J., concurs.

The defendant in each of the cases was convicted under Section 6942, Revised Statutes, of keeping a place where intoxicating liquors were furnished in violation of law, and was sentenced to pay a fine of $500 and costs.

It was contended by counsel for the defendant in the mayor's court that the affidavits charging the offense are insufficient.

This contention is met and answered by the cases of *Weaver* v. *State,* 74 O. S., 53, and *Lynch* v. *State,* 12 C.C.(N.S.), 331 (affirmed without report, 81 O. S., 489).

It is also clear that the affidavits do not charge a second offense.

Upon the trial of the cases the charges were supported by evidence showing a violation of the county local option law. No other statute was shown to have been violated as a foundation of the offense here charged.

It is contended that the magistrate erred in admitting as evidence the certificate of the clerk as to the result of the county local option election.

We are of the opinion that the admission of documentary evidence of this character does not violate the section of the Bill of Rights guaranteeing the accused the right to confront the witnesses.

A more serious question arises as to the right to use the certificate of election as evidence in a case not strictly under the county local option act. The provision of that act is that "in all trials for a violation of this act," the entry of a certified copy shall be *prima facie* evidence, etc.

It is true that the prosecution is under Section 6942, but the offense so prescribed is founded as well upon some other section claimed to have been violated. In every prosecution under Section 6942, it is apparent that the specific statute defining the law violated is to be read into and made a part of Section 6942. So that when the evidence offered in a prosecution under Section 6942 tends to show a violation of the county local option act, the act must be looked to and read into the Section 6942 under which the prosecution is had.

It is asserted that this does not apply to the method of proof prescribed. We are, however, of the opinion that Section 6942 includes by reference and recital not only the elements of the offense, but the means of proof.

Still if we are wrong in this, we find in the oral evidence ample proof of the county having voted "dry." And such evidence was evidently accepted as sufficient proof in the case of the

*State* v. *Lynch*, *supra*.  The admission of the certificate was therefore not prejudicial.

The evidence as against John H. Berry is sufficient to justify the conviction is undisputed, and no prejudicial error is found.

The court of common pleas therefore erred in reversing the judgment of the magistrate as to Berry and in discharging him. Under force of Section 7367, enacted subsequently to the decision of *Mick* v. *State*, 72 O. S., 388, we are required to reverse the judgment of the common pleas court, vacate the judgment of discharge and affirm the magistrate's conviction and sentence.

Killeen appears from the evidence to have been the bartender and to have made the sales shown in the evidence.  Berry, the owner, was present and in control of the business.  He was also present at other times referred to in the evidence when Killeen was acting.  It is also shown by stipulation that Berry was the sole owner and that Killeen had no interest except as employe of Berry, and was without authority and subject to the order and direction of the owner.

This stipulation in connection with the other evidence brings the case within the dictum of Judge Day in *Schultz* v. *State*, 32 O. S., on page 276, in which it is intimated, if not asserted, that the term "keeper" does not include a mere clerk or servant without managerial authority.

We are, therefore, constrained to hold that no case was made out against Killeen, and that the court of common pleas correctly reversed the magistrate's conviction of Killeen and directed his discharge.

The judgment of the court of common pleas in respect to Killeen is, therefore, affirmed.